UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| VAUGHAN H. STEVENS, III,<br><br>    Plaintiff,<br><br>       v.<br><br>CPM CONSTRUCTORS,<br><br>    Defendant. | Civil Action No. 2:15-cv-389-DBH |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, CPM Constructors ("CPM"), through its undersigned counsel of record, hereby answers the Complaint of Plaintiff, Vaughan H. Stevens, III, as follows:

### FIRST DEFENSE

1. Paragraph 1 contains a jurisdictional statement to which no responsive pleading is required.

2. Defendant admits the material allegations of Paragraph 2 of the Complaint.

3. Defendant admits the material allegations of Paragraph 3 of the Complaint.

4. Defendant admits the material allegations of Paragraph 4 of the Complaint.

5. Paragraph 5 contains a jurisdictional statement to which no responsive pleading is required.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint except the following: Defendant avers that Plaintiff was one of Defendant's Qualilty Assurance Managers. Defendant admits that Stevens was employed for three years as a Quality Assurance (QA Manager) and that he was terminated on November 14, 2014.

7. Defendant admits the material allegations of Paragraph 7 of the Complaint.

8. Defendant admits the material allegations of Paragraph 8 of the Complaint.

9. Defendant denies each and every allegation contained in Paragraph 9 of the Complaint.

10. Defendant admits the material allegations of Paragraph 10 of the Complaint.

11. Defendant admits the material allegations of Paragraph 11 of the Complaint.

12. Defendant admits the material allegations of Paragraph 12 of the Complaint.

13. Defendant denies each and every allegation contained in Paragraph 13 of the Complaint except the following: Defendant admits that the Maine Department of Transportation ("MaineDOT") hired CPM to construct the replacement for the Martin's Point Bridge, a Maine DOT Design/Build construction project.

14. Defendant admits the material allegations of Paragraph 14 of the Complaint.

15. Defendant denies each and every allegation contained in Paragraph 15 of the Complaint except the following: Defendant admits that the Martin's Point project was expected to be completed by December 31, 2014 and the paperwork completed in January 2015.

16. Defendant admits the material allegations of Paragraph 16 of the Complaint.

17. Defendant admits the material allegations of Paragraph 17 of the Complaint.

18. Defendant admits the material allegations of Paragraph 18 of the Complaint.

19. Defendant admits the material allegations of Paragraph 19 of the Complaint.

20. Defendant admits the material allegations of Paragraph 20 of the Complaint.

21. Defendant admits the material allegations of Paragraph 21 of the Complaint.

22. Defendant admits the material allegations of Paragraph 22 of the Complaint.

23. Defendant denies each and every allegation contained in Paragraph 23 of the Complaint except the following: Defendant admits that Maine DOT Design/Build construction projects are performed in accordance with Maine DOT specifications and that the Construction Quality Management Plan (CQMP") is submitted by the contractor and approved by the Maine DOT.

24. Defendant admits the material allegations of Paragraph 24 of the Complaint.

25. Defendant denies each and every allegation contained in Paragraph 25 of the Complaint except the following: Defendant admits that Stevens did not report his day-to-day activities to Morrison.

26. Defendant admits the material allegations of Paragraph 26 of the Complaint.

27. Defendant admits the material allegations of Paragraph 27 of the Complaint.

28. Defendant denies each and every allegation contained in Paragraph 28 of the Complaint except the following:  Defendant admits that one of Morrison's management responsibilities on the project involved financial oversight.

29. Defendant admits the material allegations of Paragraph 29 of the Complaint.

30. Defendant denies each and every allegation contained in Paragraph 30 of the Complaint except the following:  Defendant admits that Mitchell Bois was designated as "Assistant QA Manager," a title which did not mean that he was assisting Plaintiff but was available to fill in as QA Manager when Plaintiff was not available, such as when he took paid time off or was on a leave of absence.

31. Defendant denies each and every allegation contained in Paragraph 31 of the Complaint except the following:  Defendant admits that Bois always had other management duties within the company not specific to the Martin's Point Bridge project; he filled in as QA

Manager on the project when Plaintiff was unavailable.

32. Defendant denies each and every allegation contained in Paragraph 32 of the Complaint except the following: Defendant admits that Resident Engineer Hurd knew of and was perfectly comfortable with Bois working on other projects so long as Bois was available to fill in during Plaintiff's time off.

33. In response to Paragraph 33 of the Complaint, Defendant avers that Plaintiff's sole job duty on the Martin's Point Bridge project was to make sure that the bridge was built in accordance with the CQMP and MaineDOT specifications.

34. Defendant admits the material allegations of Paragraph 34 of the Complaint.

35. Defendant admits the material allegations of Paragraph 35 of the Complaint.

36. Defendant admits the material allegations of Paragraph 36 of the Complaint.

37. Defendant admits the material allegations of Paragraph 37 of the Complaint.

38. Defendant admits the material allegations of Paragraph 38 of the Complaint except the following: Defendant is without knowledge or information sufficient to form a belief as to the accuracy of the date alleged by Plaintiff.

39. Defendant admits the material allegations of Paragraph 39 of the Complaint except the following: the reference to "Quality Acceptance" should read "Quality Assurance."

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint and on that basis denies the same.

41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint and on that basis denies the same.

42. Defendant denies each and every allegation contained in Paragraph 42 of the Complaint.

43. Defendant denies each and every allegation contained in Paragraph 43 of the Complaint.

44. Defendant denies each and every allegation contained in Paragraph 44 of the Complaint.

45. Defendant denies each and every allegation contained in Paragraph 45 of the Complaint.

46. Defendant denies each and every allegation contained in Paragraph 46 of the Complaint.

47. Defendant denies each and every allegation contained in Paragraph 47 of the Complaint.

48. Defendant denies each and every allegation contained in Paragraph 48 of the Complaint.

49. Defendant denies each and every allegation contained in Paragraph 49 of the Complaint.

50. Defendant denies each and every allegation contained in Paragraph 50 of the Complaint.

51. Defendant admits the material allegations of Paragraph 51 of the Complaint.

52. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint and on that basis denies the same.

53. Defendant denies each and every allegation contained in Paragraph 53 of the Complaint.

54. Defendant denies each and every allegation contained in Paragraph 54 of the Complaint except the following: Defendant admits that Plaintiff sent an email on November 13, 2014 to Hall, Veno and Krakoff and avers that the email speaks for itself.

55. Defendant admits the material allegations of Paragraph 55 of the Complaint.

56. Defendant denies each and every allegation contained in Paragraph 56 of the Complaint except the following: Defendant admits that Hall referred to Plaintiff as "Mr. Stevens"

57. Defendant admits the material allegations of Paragraph 57 of the Complaint.

58. In response to Paragraph 58 of the Complaint, Defendant avers that Defendant admits that Plaintiff sent another email with a copy to Veno, Krakoff, Hurd and Morrison and avers that the email speaks for itself.

59. Defendant admits the material allegations of Paragraph 59 of the Complaint.

60. Defendant admits the material allegations of Paragraph 60 of the Complaint.

61. Defendant admits the material allegations of Paragraph 61 of the Complaint.

62. Defendant admits the material allegations of Paragraph 62 of the Complaint.

63. Defendant admits the material allegations of Paragraph 63 of the Complaint.

64. Defendant denies each and every allegation contained in Paragraph 64 of the Complaint.

65. Defendant denies each and every allegation contained in Paragraph 65 of the Complaint.

66. Defendant admits the material allegations of Paragraph 66 of the Complaint.

67. Defendant admits the material allegations of Paragraph 67 of the Complaint except the following: Defendant is without knowledge or information sufficient to form a belief as to the number of items Morrison was just hearing about.

68. Defendant denies each and every allegation contained in Paragraph 68 of the Complaint except the following: Defendant admits that Morrison asked Plaintiff why Plaintiff had not informed Morrison about the issues directly.

69. Defendant denies each and every allegation contained in Paragraph 69 of the Complaint except the following: Defendant admits that Morrison told Plaintiff he was costing the company too much money by over-testing on the project.

70. Defendant denies each and every allegation contained in Paragraph 70 of the Complaint except the following: Defendant admits that Plaintiff self-performed some of the testing before he was instructed to stop and that SWC was hired to perform the testing.

71. Defendant denies each and every allegation contained in Paragraph 71 of the Complaint except the following: Defendant admits that Morrison asked Plaintiff why SWC was on site every time the sub-contractor, Shaw Brothers, was onsite and that the two of them talked about Shaw Brothers.

72. Defendant denies each and every allegation contained in Paragraph 72 of the Complaint except the following: Defendant admits that Morrison criticized Plaintiff for allowing the extensive finish work that was done on the "Kansas rail" and admits that CPM put a lot of effort into the finish on the rail.

73. Defendant denies each and every allegation contained in Paragraph 73 of the Complaint except the following: Defendant admits that Morrison and Plaintiff had a

conversation about the CMP poles but denies that the conversation is accurately portrayed in Paragraph 73.

74. Defendant admits the material allegations of Paragraph 74 of the Complaint.

75. Defendant admits the material allegations of Paragraph 75 of the Complaint except the following: Defendant denies that Morrison was not interested in hearing Stevens' explanations or excuses.

76. In response to Paragraph 76 of the Complaint, Defendant admits that Morrison told Plaintiff he was informing the MaineDOT about things that he should have directed internally and that Plaintiff told Morrison he believed it was his role to work closely with the MDOT. Defendant otherwise denies the characterization of their conversation.

77. Defendant admits the material allegations of Paragraph 77 of the Complaint.

78. Defendant denies each and every allegation contained in Paragraph 78 of the Complaint.

79. Defendant admits the material allegations of Paragraph 79 of the Complaint.

80. Defendant admits the material allegations of Paragraph 80 of the Complaint.

81. Defendant admits the material allegations of Paragraph 81 of the Complaint.

82. Defendant denies each and every allegation contained in Paragraph 82 of the Complaint except the following: Defendant admits that Plaintiff told Morrison that Plaintiff's termination was not in the project's or the company's best interest.

83. Defendant denies each and every allegation contained in Paragraph 83 of the Complaint except the following: Defendant admits that it was agreed that Bois would meet Plaintiff at the site.

84. Defendant admits the material allegations of Paragraph 84 of the Complaint.

85. Defendant denies each and every allegation contained in Paragraph 85 of the Complaint.

86. Defendant denies each and every allegation contained in Paragraph 86 of the Complaint except the following: Defendant admits that Bois told Plaintiff he was asked about Plaintiff's November 13, 2014 email.

87. Defendant denies each and every allegation contained in Paragraph 87 of the Complaint.

88. Defendant denies each and every allegation contained in Paragraph 88 of the Complaint.

89. Defendant denies each and every allegation contained in Paragraph 89 of the Complaint.

90. Defendant denies each and every allegation contained in Paragraph 90 of the Complaint.

91. Defendant denies each and every allegation contained in Paragraph 91 of the Complaint.

92. Defendant denies each and every allegation contained in Paragraph 92 of the Complaint.

93. Defendant denies each and every allegation contained in Paragraph 93 of the Complaint.

94. Defendant denies each and every allegation contained in Paragraph 94 of the Complaint.

95. Defendant denies each and every allegation contained in Paragraph 95 of the Complaint.

96. Defendant denies each and every allegation contained in Paragraph 96 of the Complaint except the following:  Defendant admits that CPM completed the surface finish work after November 14, 2014.

97. Defendant denies each and every allegation contained in Paragraph 97 of the Complaint.

98. Defendant denies each and every allegation contained in Paragraph 98 of the Complaint.

99. Defendant denies each and every allegation contained in Paragraph 99 of the Complaint.

100. Defendant denies each and every allegation contained in Paragraph 100 of the Complaint.

101. Defendant denies each and every allegation contained in Paragraph 101 of the Complaint.

102. Defendant denies each and every allegation contained in Paragraph 102 of the Complaint.

103. Defendant denies each and every allegation contained in Paragraph 103 of the Complaint.

104. Defendant admits the material allegations of Paragraph 104 of the Complaint.

105. Defendant admits the material allegations of Paragraph 105 of the Complaint.

106. Defendant denies each and every allegation contained in Paragraph 106 of the Complaint.

107. Defendant denies each and every allegation contained in Paragraph 107 of the Complaint.

108. Defendant denies each and every allegation contained in Paragraph 108 of the Complaint.

109. Defendant denies each and every allegation contained in Paragraph 109 of the Complaint except the following: Defendant admits that Plaintiff's email was unprofessional because it impugned his coworkers' pride of craftsmanship and their professionalism in a confrontational and unnecessarily inflammatory manner.

110. Defendant denies each and every allegation contained in Paragraph 110 of the Complaint except the following: Defendant admits that Plaintiff's email was condescending, self-righteous and inflammatory.

111. Defendant denies each and every allegation contained in Paragraph 111 of the Complaint except the following: Defendant admits that Plaintiff was terminated because he addressed Morrison in an impudent and dismissive fashion, brushing off his own performance failures and denigrating his peers.

112. Defendant denies each and every allegation contained in Paragraph 112 of the Complaint.

113. Defendant denies each and every allegation contained in Paragraph 113 of the Complaint except the following: Defendant admits that Plaintiff was defensive during the meeting, that Plaintiff had worked for Morrison for over three years and had not been called to a meeting prior to this time.

114. Defendant denies each and every allegation contained in Paragraph 114 of the Complaint except the following: Defendant admits that Plaintiff was terminated in part because

he did not communicate directly with Morrison about quality control issues that he was raising.

115. Defendant denies each and every allegation contained in Paragraph 115 of the Complaint.

116. Defendant denies each and every allegation contained in Paragraph 116 of the Complaint except the following: Defendant admits that the finish work on the concrete structures was work that was ongoing.

117. Defendant admits the material allegations of Paragraph 117 of the Complaint.

118. Defendant admits the material allegations of Paragraph 118 of the Complaint except the following: Defendant is without knowledge or information as whether Plaintiff was "concerned that cold temperatures would make it impossible for CPM to comply with the specification," but any alleged concern was unfounded and/or unreasonable. Defendant further avers that the CQMP speaks for itself.

119. Defendant denies each and every allegation contained in Paragraph 119 of the Complaint except the following: Defendant admits that Plaintiff had an exaggerated level of self-importance and a complete inability to understand that the company needed to be focusing its full time and attention on completion of the project by December 31, 2014, rather than worrying about the minor punch list items that Plaintiff was raising.

120. Defendant denies each and every allegation contained in Paragraph 120 of the Complaint.

121. Defendant denies each and every allegation contained in Paragraph 121 of the Complaint.

122. Defendant denies each and every allegation contained in Paragraph 122 of the Complaint.

123. Defendant denies each and every allegation contained in Paragraph 123 of the Complaint.

124. Defendant denies each and every allegation contained in Paragraph 124 of the Complaint.

125. Defendant denies each and every allegation contained in Paragraph 125 of the Complaint.

126. Defendant denies each and every allegation contained in Paragraph 126 of the Complaint.

127. Defendant denies each and every allegation contained in Paragraph 127 of the Complaint.

128. Defendant denies each and every allegation contained in Paragraph 128 of the Complaint.

129. Defendant denies each and every allegation contained in Paragraph 129 of the Complaint.

## COUNT I: FCA

130. In response to Paragraph 130 of the Complaint, Defendant incorporates by references its responses to Paragraphs 1-129 of this Answer as if fully set forth herein.

131. Defendant denies each and every allegation contained in Paragraph 131 of the Complaint.

## SECOND DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## THIRD DEFENSE

Defendant's actions about which Plaintiff complains were taken in good faith and Defendant had reasonable grounds for believing that its actions were not in violation of applicable law.

## FOURTH DEFENSE

If Plaintiff suffered any damages, which Defendant denies, Plaintiff is not entitled to recover the amount of damages alleged or any damages whatsoever due to his failure to make reasonable efforts to mitigate or minimize the damages occurred, and any damages awarded the Plaintiff should be reduced accordingly.

## FIFTH DEFENSE

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

## SIXTH DEFENSE

Plaintiff lacks standing to bring one or more of his claims.

## SEVENTH DEFENSE

Without suggesting that Defendant has any burden of proof on this issue, Defendant was not on notice of any protected conduct by Plaintiff, who did not act outside the scope of his normal job responsibilities.


WHEREFORE, Defendant respectfully requests that the Complaint be dismissed, with prejudice, at Plaintiff's cost, and that Defendant be awarded costs expended herein, including reasonable attorney's fees, and all other relief to which it may be entitled.

Dated:  October 19, 2015  /s/ Margaret Coughlin LePage
Margaret Coughlin LePage

/s/ Michelle Y. Bush
Michelle Y. Bush

Pierce Atwood LLP
Merrill's Wharf
254 Commercial Street
Portland, Maine 04101
Telephone:  (207) 791-1100
mlepage@pierceatwood.com
mbush@pierceatwood.com

*Counsel for Defendant*
*CPM Constructors*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2015, I served a copy of Defendant's Answer to Plaintiff's Complaint with the Clerk of Court using the CM/ECF System, which will send notification of such filing(s) to the following:

Chad T. Hansen, Esq.
Peter L. Thompson, Esq.
Maine Employee Rights Group
92 Exchange Street
Portland, ME 04101
(207) 874-0905
chanson@maineemployeerights.com
pthompson@mainemeployeerights.com


Dated:  October 19, 2015                         /s/ Margaret Coughlin LePage
                                                 Margaret Coughlin LePage

                                                 Pierce Atwood LLP
                                                 Merrill's Wharf
                                                 254 Commercial Street
                                                 Portland, Maine 04101
                                                 207-791-1100
                                                 mlepage@pierceatwood.com

                                                 *Counsel for Defendant*
                                                 *CPM Constructors*